IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-HC-2020-FL

| | |
|---|---|
| JAMES ISSAC FAULK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA and )<br>COLUMBUS COUNTY SUPERIOR )<br>COURT, )<br>)<br>Respondents. ) | ORDER |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for initial review pursuant to Rule 4 of the Rules Governing § 2254 cases, and on petitioner's motion to add case law (DE 13).

**COURT'S DISCUSSION**

Petitioner is serving consecutive state sentences pursuant to two judgments of convictions: 1) State v. Faulk, criminal case nos. 14CRS00579, 14CRS000576 (convictions for larceny and having attained status of habitual felon); and 2) State v. Faulk, criminal case nos. 15CRS050062 and 16CRS00918 (convictions for robbery with a dangerous weapon and habitual felon). (DE 8 ¶¶ 2–5; DE 8-2 at 2–4; DE 1-1 at 116). As to the first judgment of conviction, petitioner previously filed a § 2254 petition challenging the judgment, and the claims were dismissed on the merits. See Faulk v. Lassiter, No. 5:19-HC-2036-M (E.D.N.C. June 30, 2020) (ECF No. 27).

Petitioner must seek authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition in this court. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, the court is without jurisdiction to consider the petition. United States

v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Accordingly, the claims challenging the first judgment must be dismissed without prejudice to refiling in the event petitioner obtains authorization from the court of appeals to file successive § 2254 petition.

Petitioner's remaining claims challenging the second judgment of conviction are not subject to the restrictions on second or successive § 2254 petitions where this is petitioner's first federal habeas petition challenging that judgment. See 28 U.S.C. § 2244(b)(1)-(4); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). The instant petition is therefore a "mixed" petition that asserts both successive and non-successive claims. See Winestock, 340 F.3d at 205–06. The jurisdictional bar on considering second or successive habeas applications, however, applies to the entire habeas application and the court therefore lacks jurisdiction to address the non-successive claims at this juncture. Id.

In these circumstances, the district court must "afford [the petitioner] the choice of seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." Id. As set forth below, the court will provide petitioner 21 days to determine whether he wishes to delete the successive claims challenging the first judgment and proceed in this court with the claims challenging the second judgment, or if he prefers to seek authorization from the court of appeals to file a second or successive § 2254 petition challenging both judgments.

In an effort to assist petitioner with making this decision, the court provides the following overview of the law governing 28 U.S.C. § 2254 petitions. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits post-conviction motions filed in federal court. First,

2

AEDPA requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period under § 2244(d)(1) is tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Lee, 186 F.3d 557, 560-61 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560-61. The period between when a petitioner's conviction becomes final and when a petitioner files state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 634-39 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies post-conviction relief to a petitioner. See Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438.[1]

---

[1] The court expresses no opinion on whether the instant petition would be timely under the foregoing provisions. If petitioner consents to voluntary dismissal of the non-successive claims, the court will proceed to initial review of the merits of the petition before seeking response from the respondent.

3

Second, § 2254's exhaustion provision requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422.

Third, as noted above, AEDPA places limits on the number of habeas petitions a state inmate may file, and second or successive motions under § 2254 generally are prohibited except in extremely limited circumstances. 28 U.S.C. § 2244(b)(1)-(4); Magwood, 561 U.S. at 330–31. A second or successive petition also must be pre-certified by the appropriate court of appeals before filing in the district court. 28 U.S.C. § 2244(b)(3)(A). For claims not presented in a prior § 2254 application, the petitioner must show the court of appeals: 1) that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and these newly discovered facts, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty. Id. § 2244(b)(2). Finally, any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application

shall be dismissed."  Id. § 2244(b)(1).

Petitioner also moves to add case law to the petition.  In the event petitioner elects to proceed with his claims challenging the second state judgment in this court, then he may file motion to amend the petition to add any claims based on the case law cited in the instant motion.  At this juncture, the motion to add case law is denied as premature and unnecessary.

## CONCLUSION

Based on the foregoing, petitioner is DIRECTED to file response to this order within **21 days** stating whether (1) he will voluntarily dismiss any claims challenging his convictions in State v. Faulk, criminal case nos. 14CRS00579, 14CRS000576 (the convictions for larceny and having attained status of habitual felon) and therefore proceed with his non-successive challenges to the state criminal judgment in 15CRS050062 and 16CRS00918 (the convictions for robbery with a dangerous weapon and habitual felon); or 2) withdraw the instant petition in its entirety in order to seek prefiling authorization from the court of appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive § 2254 application in this court.   Petitioner's motion to add case law (DE 13) is DENIED.

In the event petitioner fails to respond to this order by the deadline, the court will construe the failure to respond as petitioner's refusal to consent to dismissal of the successive claims.  In that event, the clerk shall, without further order of the court, enter judgment dismissing this action without prejudice for lack of subject matter jurisdiction.  A certificate of appealability shall be denied if this action is dismissed because petitioner fails to respond to this order.

SO ORDERED, this the 8th day of August, 2024.

                                           LOUISE W. FLANAGAN
                                           United States District Judge